IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DRENDA ANN MARIE WILCOX | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 18-247 |
| | ) | |
| ANDREW M. SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## **OPINION AND ORDER**

### **Synopsis**

Plaintiff Drenda Ann Marie Wilcox ("Wilcox") filed an application for a period of disability and disability insurance benefits in November 2014. (R. 17)[1] She alleged disability based upon both physical and mental impairments beginning in March 2011. (R. 17) She was represented by counsel at a hearing before an Administrative Law Judge ("ALJ"), during which both she and a vocational expert ("VE") appeared and testified. (R. 20) Ultimately, the ALJ denied benefits and the Appeals Council denied Wilcox's request for review. She then filed this appeal. The parties have filed Cross-Motions for Summary Judgment. *See* ECF Docket Nos. 11 and 13. For the reasons set forth below, the ALJ's decision is affirmed.

### **Opinion**

1. <u>Standard of Review</u>

---

[1] The ALJ determined that Wilcox last met the insured status requirements of the SSA on June 30, 2016. (R. 19)

1

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995

(1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

As stated above, the ALJ denied Wilcox's claim for benefits. More specifically, at step one, the ALJ found that Wilcox has not engaged in substantial gainful activity between the alleged onset date through her date last insured. (R. 19-20) At step two, the ALJ concluded that Wilcox suffers from the following severe impairments: chronic obstructive pulmonary disease (COPD), emphysema, adhesive capsulitis of the left shoulder, arthritis, and degenerative disc disease of the cervical and lumbar spine. (R. 20-22). At step three, the ALJ determined that Wilcox does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R.22-23) Between steps three and four, the ALJ decided that Wilcox has the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 23-29) At step four, the ALJ found that Wilcox is capable of performing her past relevant work as a cashier. (R. 29) Consequently, the ALJ found that Wilcox was not under a disability through the date last insured. (R. 29)

III. Discussion

3

Wilcox takes issue with the ALJ's evaluation of opinion evidence. Specifically, Wilcox contends that the ALJ failed to articulate good, specific and supported reasons for giving Dr. Huckestein's opinion little weight. As a colleague of mine recently observed, for claims filed before March 27, 2017, such as this one, the regulations provide that a treating physician's opinion be given controlling weight provided that the opinion is well-supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Lyons v. Berryhill*, Civ. No. 18-1106, 2019 WL 4094701, at * 1 n. 1 (Aug. 29, 2019*), citing*, 20 C.F.R. § 404.1527(c)(2); *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001) and *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). Consequently, "the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Lyons*, 2019 WL 4094701, at * 1 n. 1, *citing*, *Plummer*, 186 F.3d at 429.

After careful review, I find that the ALJ's decision comports with the case law. The ALJ gave Huckestein's opinion "little" weight, explaining that Huckestein's assessment is inconsistent with the record as a whole, is not supported by his own examination findings, and is inconsistent with Wilcox's own testimony. (R. 28)[2] Inconsistency with other evidence is a valid reason for discounting opinion evidence. *See* 20 C.F.R. §§ 404.1527; 416.927. *See also, Rita L.S. v. Comm'r. of Soc. Sec.*, Civ. No. 16-01981,

---

[2] I note too that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993). Here, Huckestein's opinion was in the nature of a fill in the blank form. There is no accompanying explanation. Additionally, Huckestein issued his opinion almost one year after Wilcox's date last insured. (R. 882)

4

2018 WL 4361039, at * 7 (D. Or. Sept. 13, 2018) (stating that "[s]pecific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or internal inconsistency.").

In addition to clearly stating the basis for rejecting the treating physician's opinion, the ALJ has supported that basis with citations to the record. For instance, as the ALJ noted, Huckestein opined that Wilcox's COPD and low back pain would prevent her from standing and walking for more than five hours in an eight-hour workday. Huckestein further insisted that she would require occasional unscheduled breaks and would miss four or more days of work per month. (R. 882) Yet his physical exam revealed that Wilcox presented with a normal gait and did not use an assistive device, that she had only mild tenderness in the cervical and lumbar regions, that she had a good range of motion in all four extremities and negative straight leg raises. (R. 27, 28, 557, 560, 572, 596, 614, 619, 634) Indeed, Huckestein found no recurring musculoskeletal or extremity issues. (R. 614, 634) Wilcox's physical therapist also stated that Wilcox's rehabilitation potential was "good" and that that she was making "good progress" with a reduction in pain and increase in strength and an improvement in range of motion. (R. 406, 408, 721) Wilcox herself also indicated that she rides her bicycle and walks for exercise. (R. 27, 28) Wilcox declined any further treatment to her left-shoulder by the end of 2016 because her shoulder felt better following physical therapy and steroid injections. (R. 27, 898) Her "orthopedic examination of the left shoulder in September of 2016 showed normal strength [and] active range of motion."

5

(R. 27) Additionally, Dr. Bluett Jones, the state agency consultant, opined that Wilcox could perform light work with certain restrictions. (R. 28)

Because the ALJ provided "good reasons" for giving Huckestein's opinion only little weight, and because substantial record evidence supports the ALJ's decision in this regard, there is no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DRENDA ANN MARIE WILCOX )
    Plaintiff, )
)
 -vs- ) Civil Action No. 18-247
)
ANDREW M. SAUL, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 25th day of November, 2019, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 11) is DENIED and the Defendant's Motion for Summary Judgment (Docket No. 13) is GRANTED. It is further ORDERED that this case be marked "Closed" forthwith.

                BY THE COURT:

                /s/ Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge